IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

ANITA ROLLINS,                    *
                                  *
        Plaintiff,                *
                                  *
    v.                            *    CV 109-38
                                  *
A.R. INVESTIGATIONS, INC.,        *
                                  *
        Defendant.                *

**ORDER**

Presently pending before the Court is Plaintiff Anita Rollins' ("Plaintiff") motion for entry of default against Defendant A.R. Investigations, Inc. ("Defendant").[1] (Doc. no. 22.) The deadline for filing a response has come and gone, and no response has been filed. The Court has reviewed Plaintiff's motion and the record in this case, and Plaintiff's motion is hereby **GRANTED** for the reasons set forth below.

**BACKGROUND**

On March 20, 2009, Plaintiff filed a complaint against Defendant in which Plaintiff alleges that Defendant

---

[1] At the time of filing her complaint, Plaintiff mistakenly named Defendant as "AR Investigations" rather than "A.R. Investigations, Inc." (See Doc. no. 11.) Plaintiff was later permitted leave to amend her complaint, and the error was corrected. (See Am. Compl.) The Court notes, however, that "AR Investigations" remains listed as a defendant in this action. Thus, the **CLERK** is **DIRECTED** to **TERMINATE** "AR Investigations" as a party in this case.

1

violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. (Doc. no. 1.) Several months later, on September 4, 2009, Defendant filed a motion to dismiss Plaintiff's complaint. (Doc. no. 10.) This motion was ultimately considered and denied. (Doc. no. 16.)

After the motion to dismiss was denied, Defendant, through its attorney, Mr. John A. Donsbach, filed an answer. (Doc. no. 18.) On the same day, Mr. Donsbach filed a motion to withdraw as attorney of record. (Doc. no. 19.) In his motion, Mr. Donsbach declares that he has been unable to contact his client for an extended period, despite repeated attempts to do so. (Id.) Further, Mr. Donsbach states in his motion that, as of June 17, 2010, he had not been fully paid for his services, and efforts to resolve the debt have failed. (Id.) Mr. Donsbach also attached to his motion a letter he sent to Defendant on June 4, 2010, within which he informs Defendant of his plans to withdraw from the case. (Doc. no. 19, Ex. 1.) At the time of Mr. Donsbach's motion, Defendant had neither responded to the letter nor paid the remaining balance on his account. (Doc. no. 19 at 1.)

After full consideration, the Court granted Mr. Donsbach's motion; he was allowed to withdraw and was stricken as attorney of record. (Doc. no. 20.) In the June 18, 2010 order granting Mr. Donsbach's motion, Defendant was informed that it had thirty (30) days from

the date of Mr. Donsbach's official withdrawal to secure new counsel and have the new counsel file a notice of appearance.[2] (Id.) As of the date of this Order, no notice of appearance has been filed.[3]

As a result of Defendant's failure to abide by this Court's direct order, Plaintiff, on July 23, 2010, filed a motion for entry of default. (Doc. no. 22.) On August 25, 2010, this Court, out of an abundance of caution, entered an order demanding that Defendant show cause by 5 p.m. on September 7, 2010, as to why an order of default should not be entered against Defendant. (Doc. no. 24.) At that time, the Clerk served a copy of the September 7, 2010 order at Defendant's last known address. As of the date of this Order, Defendant has not responded.

## DISCUSSION

Courts have broad discretion in imposing sanctions upon a party. Federal Rule of Civil Procedure 16 provides that if a party or party's attorney fails to obey a scheduling or pretrial order, the court may, on its own initiative, impose any of the sanctions authorized by Federal Rule of Civil Procedure 37(b)(2)(A)(ii)-(vii). These provisions grant district courts the authority to,

---

[2] See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.")

[3] In fact, nothing has been filed by Defendant since Mr. Donsbach filed Defendant's answer on June 17, 2010.

3

*inter alia*, render a default judgment against a non-responsive party. Fed. R. Civ. P. 37(b)(2)(vi).

The Court recognizes that the entry of default is a severe sanction which should only be imposed when lesser sanctions will not suffice. See Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1988). In this case, however, an entry of default is fully warranted. As stated above, on June 18, 2010, the Court ordered Defendant to obtain new counsel and have a notice of appearance filed within thirty (30) days. (Doc. no. 20.) As of the date of this Order, a notice of appearance has not been filed. More importantly, this Court filed a subsequent order in which it demanded that Defendant show cause as to why an order of default should not be entered against it, within which it set a response deadline of September 7, 2010. (Doc. no. 24.) Defendant has not only failed to show cause as to why an order of default should not be entered, Defendant has failed to respond at all to this Court's August 25, 2010 order. Presumably, if the express threat of the sanction of default is insufficient in invoking a response from Defendant, it is unlikely lesser sanctions would suffice.

## CONCLUSION

Accordingly, Plaintiff's motion for entry of default (doc. no. 22) is **GRANTED**. The Clerk is **DIRECTED** to **ENTER DEFAULT** against Defendant A.R. Investigations, Inc.

4

Plaintiff shall file a motion for default judgment within thirty (30) days of the Clerk's entry of default. Plaintiff shall specifically identify in her motion the bases in her pleadings that support the grant of default judgment on each relevant count identified in the complaint. See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)[4] ("[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered.") Plaintiff shall also include with its motion all supporting documentation and affidavits establishing the amount of Plaintiff's damages.

**ORDER ENTERED** at Augusta, Georgia this 17th day of September, 2010.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[4] See Bonner v. City of Prichard, Ala., 661 F.2d 1206, 1207 (11th Cir. 1981) (holding Fifth Circuit decisions made on or before September 30, 1981, are binding precedent in Eleventh Circuit).